IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID H. WEST, NEW RESIDENTIAL ) <br> MORTGAGE, LLC, and the TOWN OF ) <br> HAMPTON FALLS, ) <br> ) <br> Defendants. ) | Case No. 22-cv-232 |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to (1) reduce to judgment unpaid federal tax liabilities owed by David H. West; (2) determine that, with respect to the defendant David H. West's income tax liabilities, federal tax liens arose and attached to certain real property that is identified below; and (3) enforce federal tax liens against that same real property. For its complaint, the United States alleges as follows:

### JURISDICTION, PARTIES, AND PROPERTY

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. David H. West is subject to this Court's jurisdiction because he is a citizen and resident of New Hampshire, and also because he holds record title to the real property described below, which is located in Hampton Falls, New Hampshire within this District.

1

3. Defendant New Residential Mortgage, LLC ("NRM") is a corporation residing in New York. NRM is subject to this Court's jurisdiction because it is currently the record holder of a mortgage on the real property described below.

4. The Town of Hampton Falls ("the Town") is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the property described below and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action. The Town is subject to this Court's jurisdiction because it is located within this District.

5. The real property against which the United States seeks to enforce its tax liens (the "Real Property") is located at 21 Evergreen Road, Hampton Falls, New Hampshire, and has a legal description as follows:

> Beginning at a point on the Southerly sideline of Sanborn Road as shown on said plan and which point is the Northeasterly corner of the within described premises and the Northwesterly corner of Lot 1 as shown on said plan and thence running along the Westerly sideline of said Lot 1 on a course South 21° 02' 56" West a distance of 283.82 feet to a point at the Northeasterly corner of Lot 3 as shown on said plan; thence turning and running North 58° 33' 30" West along the Northerly sideline of said Lot 3 a distance of 370.91 feet to the Easterly sideline of Evergreen Road as shown on said plan; thence turning and running North 39° 36' 09" East along the Easterly sideline of said evergreen Road 242.25 feet to a point; thence running along the Easterly sideline of said Evergreen Road along a curve to the right having a radius of 25 feet and a length of 37.15 feet to a point on the Southerly sideline of Sanborn Road along a course South 55° 15' 07" East a distance of 55.29 feet to a point; thence running still along the Southerly sideline of Sanborn Road South 64° 23' 15" East 110.65 feet to a point; thence running still along the Southerly side of said Sanborn Road South 64° 23' 15" East 96.36 feet to the point of beginning.
> .

Rockingham Registry of Deeds in Book 3116, Page 2449.

### DAVID HALL WEST'S TAX LIABILITY

6.    A delegate of the Secretary of the Treasury made assessments against West for income taxes for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of June 24, 2022, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 and penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Tax Amount Assessed | Balance Due as of 6/24/2022 |
|---|---|---|---|
| 12/31/1999 | 08/25/2003 | $90,519.56 | $331,555.53 |
| 12/31/2009 | 9/13/2010 | $5,165 | $8,890.87 |
| 12/31/2012 | 12/2/2013 | $6,771.65 | $11,763.60 |
| 12/31/2013 | 12/1/2014 | $12,436.84 | $20,705.68 |
| 12/31/2014 | 6/29/2015 | $7,989.32 | $10,445.57 |
| **Total** | | | $383,361.25 |

7.    Notice of the liabilities described in paragraph 9 was given to, and payment demanded from, West.

8.    Despite proper notice and demand, West failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, he remains liable to the United States in the amount of $383,361.25, plus statutory additions and interest accruing from and after June 24, 2022.

9.    Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, the statute of limitations was suspended for the income tax periods ending December 31, 1999, and December 31, 2009, as more particularly set forth in the following paragraphs.

10.    The ten-year period for the 1999 tax year began to run on August 25, 2003, when

the IRS assessed West's liability for the 1999 tax year in the amount of $90,519.56. Accordingly, without tolling, the statute of limitations would have expired on August 25, 2013.

11. Pursuant to 26 U.S.C. § 6331, the statute of limitations for collection is extended while an offer in compromise is pending before the IRS, for thirty days after rejection of an offer in compromise, and during a timely appeal of the rejection decision. 26 U.S.C. §§ 6331(k)(1); (k)(3); and (i)(5).

12. On April 7, 2004, the IRS received a Form 656 offer in compromise from West seeking to resolve his 1999 tax liability. The IRS issued a rejection of West's offer in compromise on June 2, 2004, and he appealed the rejection to the IRS Office of Appeals on June 30, 2004. The Office of Appeals again rejected West's offer in compromise on November 12, 2004.

13. As a result of the offer in compromise, its rejection, and resulting appeals process, the statute of limitation for collections on the 1999 liabilities was suspended for 221 days.

14. The limitations period was also suspended when the IRS received West's Collection Due Process ("CDP") hearing request on February 28, 2005. 26 U.S.C. § 6330(e)(1); Treas. Reg. §§ 301.6320-1(g)(2), Q&A-G1, 301.6330-1(g)(2), Q&A-G1; *Boyd v. Commissioner*, 117 T.C. 127 (2001).

15. The statute of limitations is suspended during a CDP hearing until a determination resulting from the hearing becomes final by expiration of time for seeking judicial review or the exhaustion of any rights to appeals following judicial review. 26 U.S.C. § 6330(e).

16. On December 30, 2005, the IRS issued a Notice of Determination Concerning Collection Action which West timely petitioned to the Tax Court. The Tax Court entered a decision on November 16, 2010 granting the Service's motion for summary judgment. The Taxpayer appealed the Tax Court's decision to the U.S. Court of Appeals for the First Circuit, and the First Circuit

4

affirmed the Tax Court's decision on March 1, 2012.

17. Accordingly, as a result of West's February 28, 2005 CDP hearing request and ensuing proceedings culminating on March 1, 2012, the statute of limitations was suspended an additional seven years and two days (2,558 days).

18. On September 10, 2018, the IRS received another offer in compromise from West. The IRS rejected West's offer in compromise on December 11, 2019. This offer in compromise resulted in the limitations period for the 1999 tax year liabilities being suspended an additional 487 days.

19. In total, these events have resulted in June 25, 2022, being the date that the statute of limitations runs on collections for West's liabilities for the 1999 tax year.

20. The tolling period for the 2009 tax year began when the IRS assessed the tax on September 13, 2010.

21. The limitations period was suspended when West requested a CDP hearing during a telephone conversation on September 18, 2012. A face-to-face hearing took place on November 13, 2012. On December 7, 2012, the IRS issued notices of determination to West, and West then filed a petition in Tax Court on January 14, 2013.

22. The Tax Court granted the IRS's motion for summary judgment on February 6, 2014. West appealed the Tax Court's decision to the First Circuit, and the First Circuit affirmed the Tax Court's ruling on August 17, 2016. Accordingly, the statute of limitations was suspended for three years, 10 months, and 6 days (1,405 days).

23. The limitations period for the 2009 tax year was suspended again when the IRS received West's September 10, 2018 offer in compromise. The IRS rejected West's offer in compromise on December 11, 2019. This offer in compromise resulted in the limitations period being suspended an additional 487 days for the 2009 tax year liability as well.

24. As a result of the above-described limitation-suspending events, the limitation period for West's 2009 income tax liabilities expires on September 30, 2023.

25. As a result of the events described in paragraphs 10 through 24, this action is timely filed.

### COUNT TWO
### (Claim Against All Parties to Determine that Federal Tax Liens Attach to the Real Property)

26. The United States incorporates by reference paragraphs 1 through 29 as if specifically realleged herein.

27. On March 5, 1998, the Real Property was acquired by West for $269,500 which was partly financed by a mortgage granted to First Financial, Inc. That mortgage was recorded on March 11, 1998.

28. Currently, the mortgage is held by NRM.

29. The United States filed Notices of Federal Tax Liens ("NFTL") in accordance with 26 U.S.C. § 6323(f) in the name of "David H. West" relating to the income tax liabilities described above and any real property owned by him in Rockingham County, New Hampshire, as follows:

| Tax Period Ending | NFTL Location | File Date | Refile Date |
|---|---|---|---|
| 12/31/1999 | Rockingham County, NH | 6/17/2015 | |
| 12/31/2009 | Rockingham County, NH | 8/7/2012 | 2/10/2021 |
| 12/31/2012 | Rockingham County, NH | 2/23/2015 | |
| 12/31/2013 | Rockingham County, NH | 2/23/2015 | |
| 12/31/2014 | Rockingham County, NH | 7/21/2015 | |

### COUNT THREE
### (Claim To Enforce Tax Liens Against Real Property)

30. The United States incorporates by reference paragraphs 1 through 33 as if

specifically realleged herein.

31. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon West's interest in the Real Property, to have the Real Property sold pursuant to the order of this Court (by a receiver to be appointed by this Court if the United States so elects pursuant to § 7403(d)[1]), free and clear of all rights, titles, claims, and interests of the parties in this case, including any rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale and any local real estate taxes owed to the Town of and payable under 26 U.S.C. § 6323(b)(6), to the United States except to the extent that this Court determines that claims of other parties have priority.

WHEREFORE, the United States requests the following relief:

A. Judgment against David H. West, for income tax liabilities for the periods ending December 31, 1999, December 31, 2009, December 31, 2012, December 31, 2013, and December 31, 2014, in the amount of $ 383,361.25, plus statutory additions and interest accruing from and after June 24, 2022, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, to the date of a judgment, and post-judgment interest pursuant to 28 U.S.C. § 1961(c) (referencing the rates under the Internal Revenue Code);

B. Order that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing David H. West's liabilities on the Real Property;

C. Order that the federal tax liens for the liabilities of David H. West be enforced against the Real Property, and that the Real Property be sold in a judicial sale (by a receiver to be

---

[1] Depending on the level of cooperation on the part of the taxpayer, the United States sometimes seeks to have a local real estate agent appointed as a receiver and setting the receiver's fee at the customary commission for local real estate agents, thereby resulting in proceeds commensurate with a sale by owner.

7

appointed by this Court if the United States so elects pursuant to § 7403(d)), according to law, free and clear of all rights, titles, liens, claims, and interests of the parties to this case, including any rights of redemption, and that the proceeds of the sale be distributed, after payment of the costs of sale and any local real estate taxes owed to the Town of Hampton Falls, to the United States except to the extent this Court determines that claims of other parties have priority; and

D. Grant the United States such other and further relief, including costs of this action, as the Court deems just and equitable.

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Benton York*
T. BENTON YORK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-514-5040 (v)
202-514-5238 (f)

T.Benton.York@usdoj.gov

Local Counsel:

JOHN J. FARLEY
United States Attorney
District of New Hampshire