UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-CV-232 -JL |
| ) | |
| DAVID H. WEST, ) | |
| NEW RESIDENTIAL MORTGAGE, LLC, ) | |
| and the TOWN OF HAMPTON FALLS ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO THE COMPLAINT – WITH SUPPORTING AFFIDAVIT AND COUNTERCLAIMS

NOW COMES David West, and submits this answer and affidavit in response to the USA/IRS's Complaint dated June 24, 2022 (served on August 22, 2022), stating as follows:

### BASIS FOR AFFIRMATIVE DEFENSES

A purported appeal process that automatically rejects all applicants (such as the specific type of appeal/process in this case) is not actually an appeal process – it is a fraud.

The Collection Statute Expiration Date (CSED) is <u>10 years</u> from the date of assessment. But in its Complaint, the IRS is seeking to enforce collection <u>19 years</u> after assessment (of a dubious tax liability based on an arbitrary administrative technicality, along with 19 years of ballooned compounding interest), by taking from me my home that I bought with my own hard-earned money 27 years ago and in the process turn me into a homeless person at the age of 63 after deceiving, denying due process, terrorizing, and persecuting me for 19 years.

The IRS's fraudulent claims in the case are based on a persistently fraudulent hearing/appeal process (and denial of civil right to due process) in which the IRS deceitfully and

1

automatically rejected all such appeals (by me and any/all other taxpayers) for a particular type of tax treatment/relief provided by Congress under the *IRS Restructuring and Reform Act of 1998* enacted following Congressional hearings into widespread IRS misconduct and abuse of taxpayers.  This obscure, seldom-applicable tax relief/treatment is one of two sub-programs (the Equity and Public Policy sub-program) provided under the (USC 26 §7122) IRS Offer In Compromise Effective Tax Administration program (hereafter referred to as OIC ETA-Equity).

      The motivation for their practice of deceitful and automatic rejection in these cases was/is no doubt in order to reduce their work and caseload by avoiding the inconvenience of handling the cases according to statutory regulation for this particular type of tax relief which stipulates:

> "The determination to accept or reject an offer to compromise will be based upon consideration of all the facts and circumstances, including whether the circumstances of a particular case warrant acceptance of an amount that might not otherwise be acceptable under the Secretary's policies and procedures." (§301.7122-1(c)(1)).

It's so much faster and easier for IRS employees to just automatically reject taxpayers and avoid accountability with the IRS's extraordinary powers than it is to treat the applicants fairly in accordance with that law and regulation.  Plus if other taxpayers find out about this obscure little-known tax relief program (and relief being granted under it), then it would likely lead to many more taxpayers applying for it resulting in a lot more work and caseload.

      Despite my very persistent efforts over the course of these 19 years, and the statutory requirement stated in **bold print** on the IRS application form that the individual circumstances and identification of taxpayers granted the relief/treatment be made publicly available (Exhibit A), I have never been able to get the IRS to provide any examples at all of taxpayers whose cases were accepted by the IRS and received this type of tax relief/treatment that I applied for on the standard IRS OIC Form 656 back at the beginning of all this.  Not even a single one.

Accessing this information is not just necessary to confirm IRS compliance with the law in general as enacted by Congress – additionally, the denial of access is akin to if the judiciary and courts denied litigants/attorneys (in any area of law) any and all access to past rulings and precedent they sought for the purpose of assessing, forming, and making their own case in court. It was not me that delayed and dragged out the appeal process for 19 years (while I suffered severely under tremendous financial and emotional stress with no quality of life) – it was the IRS that did that (and also the similarly conflicted Tax Court – see the facts in the attached affidavit).

I began requesting this information (examples of accepted OIC-ETA Equity cases) over the phone and in writing from the IRS all those years ago prior to filing my Form 656 application request for the OIC-ETA Equity tax treatment – I did so in order so that I could better determine my qualification and for judging relevancy in presenting various supportive facts and arguments. (e.g., see Exhibits B and C).

I continued to persistently request these examples throughout the IRS administrative appeal process and throughout the legal appeal process over the years, but my requests (and the relevancy of what was/is clearly a material fact concerning the conduct of the IRS and the legitimacy of the appeal process) were consistently ignored by both the IRS and the courts without explanation.

I also filed a formal FOIA (Freedom of Information Act) request for the examples information in accordance with IRS FOIA procedures, but that too was denied by the IRS (i.e. the written reply said "All records that are publicly available will be found on the www.irs.gov website.", and later when I persisted I was told that "the information is not available".) (e.g., see Exhibits D and E).

19 years of no examples of accepted cases = obstruction and no actual appeal process.

Regarding the IRS assessments which are less than 10 years old and the corresponding compounding interest/penalties listed in their Complaint (which altogether amount to 11.2% of the total monetary claims therein), they were: (1) likewise denied OIC ETA-Equity consideration and auto-rejected by the IRS, and (2) all caused by the financial hardship flowing from the original long-term ongoing IRS appeal fraud and denial of due process, and their large coercive lien which barred me from accessing otherwise available credit with which to pay, interfered with my ability to obtain employment, and prevented me from refinancing my 30-year mortgage from 7.5% down to 3% (resulting in hugely wasteful overpayment of home mortgage interest over the past 14 years despite my otherwise unblemished credit history).  In fact, that derivative aspect from 19 years of IRS fraud, denial of due process, and withholding critical information in my underlying case makes these latter assessments ideal candidates for application of the OIC ETA-Equity tax relief\treatment provided and intended by Congress.

So after being torturously denied due process and locked in a financial prison by the IRS for half of my adult life, and literally thousands of hours of my time wasted on research and filing appeals and repeatedly having to file complete financial disclosure statements, and suffering bank levy and liens and interference with my ability to earn a living and obtain proper healthcare and have a normal life, there is still not a shred of evidence that the IRS has ever allowed any taxpayers this tax relief/treatment provided by Congress which I applied for.

And consequently there is no evidence that there was ever a fair and legitimate appeal process over the past 19 years in my case.

AFFIRMATIVE DEFENSES

In response to the Complaint I hereby assert and reserve the following affirmative defenses, without conceding that I bear the burden of persuasion as to any of them, and reserving

the right to amend same during the course of discovery and prior to trial with notice to all other parties.

    Statute of Limitations

    Fraud

    Fraud Upon the Court

    Duress

    Denial of Civil Right to Due Process

## COUNTERCLAIMS

Following the no-conference, no-hearing, auto-rejection treatment I received on my OIC application and appeal (as discussed in the Affidavit accompanying this Answer and Counterclaims), it was completely unreasonable for the IRS to have expected that I would give in to their demands and coercion without them at least showing (1) that they were complying in general with the OIC ETA-Equity program by providing examples of accepted cases (i.e. each taxpayer's identification and circumstances which are required to be made public as a condition of receiving the relief/treatment – see Exhibit A), and (2) allowing me to compare my case with the circumstances of any accepted cases.

If the IRS doesn't provide this information, then it proves wholesale intentional fraud.

But even if the IRS were to provide this missing essential-for-resolution information now, the IRS should not be allowed to have extended the CSED with that dilatory conduct for so many years and forcing my continued appeal efforts and resulting in further unnecessary extensive financial and other harm to me.

OTHER RESPONSES TO ALLEGATIONS IN THE COMPLAINT

1. Appears to require a conclusion of law, and I lack knowledge or information sufficient to form a belief about the truth of it.

2. Refer to response #1 regarding jurisdiction. Admit the rest.

3. Admit that New Residential Mortgage, LLC is the mortgage holder of my property. I lack knowledge or information sufficient to form a belief about the truth of the rest.

4. Don't believe this requires a response. In any case, I lack knowledge or information sufficient to form a belief about the truth of it.

5. Admit the address of the real property is correct. Not sure about the Registry of Deeds description, but it appears to be correct.

6. Denied. There may be some kernels of truth but they are blended with non-truths which taken together are misleading in nature. Furthermore, I don't know the specifics of the IRS's penalties/interest calculations, so I lack sufficient knowledge or information to form a belief about the truth of it.

7. Denied – there are no liabilities described in paragraph 9.

8. Denied.

9. Admit that a proceeding in court must generally be commenced within ten years after assessment, but deny the rest.

10. Admit partially. Deny that the assessed liability was correct which did not account for the roughly $9,000 of W2 taxes withheld from my wages that tax year.

11. Not sure/clear (e.g. §6331(k)(3)), so same as response to item #1 above.

12. Admit partially with regard to the actions, but deny the dates. My Form 656 offer in compromise (OIC) was dated and submitted on April 2, 2004, not April 7. The certified mail

receipt shows that I submitted the OIC rejection appeal request on June 28, 2004, not June 30. And the IRS's own case log file shows that Jean Frazier rejected my OIC appeal and told me so on October 15, 2004, not November 12.

13. Denied.

14. Admit partially – that I submitted a request for a CDP hearing. Deny the rest – the outcome of this alleged hearing was already pre-determined against me by the IRS Appeals Officer who was so biased that in her letter to me scheduling the date of the hearing she wrote that my application for OIC ETA-Equity tax treatment (which had already been twice auto-rejected without a hearing) was precluded from being discussed at this hearing.

15. See previous response #14.

16. Admit rulings but Deny that they were unaffected by fraud upon the court and other defects and other unjust corrupting influences (e.g. see Affidavit accompanying this Answer).

17. Denied. See Affidavit accompanying this Answer.

18. Admit that an offer in compromise was submitted and rejected. Deny the rest.

19. Denied.

20. Denied. The situation and misappropriation of my paid taxes by the IRS was derivative of and the result of the IRS's ongoing fraud and coercion in the original underlying case.

21. Denied. Once again there are some kernels of truth (e.g. a CDP hearing was requested) but they are blended with non-truths which taken together are misleading in nature – e.g. the alleged hearing was not legitimate because it was conducted by the same biased IRS Appeal Officer as discussed in response item #14 who had opposed me in the past.

22. Denied. Once again there are some kernels of truth (e.g. rulings were issued) but they are blended with non-truths which taken together are misleading in nature (e.g. deny that they were unaffected by fraud upon the court and other unjust defects and/or corrupting influences). Deny the rest regarding suspension of the statute of limitations period.

23. Admit that an offer in compromise was submitted and rejected. Deny the rest.

24. Denied.

25. Denied.

26. Paragraph 26 incorporates by reference paragraphs 1 through 29 [sic], so no further response is necessary (and doesn't make sense for paragraphs 26 through 29 anyway).

27. Denied. This is wrong – the IRS has its information mixed up – I purchased my home on September 1, 1995, not in 1998. In 1998 I refinanced the 30-year mortgage from a rate of 8% down to 7.5% for the amount of $269,500.

28. As far as I know, that's correct.

29. Not sure – over the years the IRS has sent me many lien and related notices, including some that appeared to be redundant and some that appeared to be self-contradicting, so although I may have received the alleged notices, I'm unable to judge the net accuracy or net correctness of what they said, and therefore at this time I lack sufficient knowledge or information to form a belief about the truth of it.

30. Paragraph 30 incorporates by reference paragraphs 1 through 33 [sic], so no further response is necessary (and doesn't make sense for paragraphs 30 through 33 anyway).

31. Denied.

The initial affidavit accompanying this Answer sets forth 4 sets of facts, any one of which by itself defeats the IRS Complaint's claim that the CSED (Collection Statute Expiration Date) didn't expire until the day after they filed this suit on June 24, 2022.

Billionaire Leona Helmsley famously said "Only the little people pay taxes". And more recently a variety of other billionaires and large corporations who pay little or no income taxes have explained that they shouldn't have to pay any more tax than what is legally allowed. I ask the Court to protect the "little people" from abusive and inequitable treatment by the IRS.

WHEREFORE, I request that the court:

A. Find that the statute of limitations has expired.

B. Dismiss the plaintiff's Complaint.

C. Deny the plaintiff any and all relief requested in their Complaint.

D. Enter a finding in favor of West on all issues.

E. Award compensatory damages to West.

F. Grant to West any other and further relief as is just under the circumstances.

Respectfully submitted,

/s/ David West

_____
David West, pro se
21 Evergreen Rd.
Hampton Falls, NH 03844
(603) 772-2765
Email: westdavid@comcast.net

September 12, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Answer/etc has been transmitted via ECF to the participants in the case registered with ECF, and by mail or hand delivery to the Town of Hampton Falls, and by mail to New Residential Mortgage, LLC on this day of September 12, 2022.

/s/ David West
_____
David West