UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

      v.                                                               Civil No. 22-cv-232-JL

<u>David H. West, New Residential</u>
<u>Mortgage, LLC, and Town of Hampton Falls</u>

## **REPORT AND RECOMMENDATION**

The matter is before the court on the government's motion to reconsider (doc. no. 55) the undersigned's endorsed report and recommendation asserting that the district judge should deny without prejudice the government's motion for default judgment against defendant New Residential Mortgage, LLC (New Residential). For the following reasons, the government's motion to reconsider is granted, and the August 22, 2023 report and recommendation is withdrawn, <u>see</u> LR 7.2(d). Further, for the reasons that follow, the court recommends that the district judge grant the government's motion for default judgment.

The United States brought this civil tax enforcement suit to reduce to judgment certain tax liabilities owed to it by defendant David West. As part of the relief sought in this action, the government asks the court to order that real property owned by West and located in Hampton Falls, New Hampshire (the "Property")[1] be sold. <u>See</u> 26 U.S.C. § 7403(c).[2] The government also named

---

[1] The government provides a description of the Property in paragraph 5 of the complaint, doc. no. 1.

[2] Section 7403(c) states:
> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale

New Residential and the Town of Hampton Falls, New Hampshire, as parties who may claim interests in the Property. See id. § 7403(b) ("All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto.").

New Residential was served with the complaint but failed to respond to it or otherwise appear in the action. The clerk entered default against New Residential on September 28, 2022. Doc. no. 11.

In July 2023, after additional litigation between it and West, the government moved for default judgment against New Residential. As part of its motion for default judgment, the government proposed that the court issue the following default judgment:

> IT IS HEREBY ORDERED that the United States' federal tax liens with respect to the federal income tax liabilities of Defendant David H. West for years 1999, 2009, 2012, 2013, and 2014 have priority over any subsequently asserted claim by Defendant New Residential Mortgage, LLC, in a judicial sale of the real property located at 21 Evergreen Road, Hampton Falls, New Hampshire (the "Property")[.]
>
> . . .
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Property may be sold pursuant to a further order of this Court in this action, free and clear of the mortgage or other interest or claims of Defendant New Residential Mortgage, LLC (or any successor in interest) with the proceeds to be distributed according to the further orders of this Court.

Doc. no. 47-3.

At the same time it filed its motion for default judgment against New Residential, the government moved for summary judgment against West on Count 1 of the complaint.[3] West

---

according to the findings of the court in respect to the interests of the parties and of the United States.

[3] Count I in this suit seeks to reduce West's tax liabilities to judgment. See doc. no. 57 (order granting government's motion for summary judgment as to Count 1). Unusually, there is

likewise filed a cross-motion for summary judgment in his favor. Wary of the potential for inconsistent judgments as between defaulting and non-defaulting defendants, see Frow v. De La Vega, 82 U.S. 552 (1872), the undersigned issued an endorsed report and recommendation that the district judge deny the government's motion for default judgment without prejudice pending resolution of the cross-motions. See Endorsed R&R of August 22, 2023.

The government moved to reconsider that recommendation, acknowledging that its requested default judgment may have been unclear inasmuch as the government is not presently requesting that the court order a judicial sale of the Property.[4] The government clarified that it requested a default judgment stating as follows:

> (1) the United States' federal tax liens with respect to the federal income tax liabilities of Defendant David H. West for years 1999, 2009, 2012, 2013, and 2014 have priority over any subsequently asserted claim by Defendant NRM, LLC, in any subsequently ordered judicial sale of the Property, and (2) that any subsequently ordered judicial sale of the Property will be free and clear of the mortgage or any other liens or claims of NRM.

Doc. no. 55 at 5.[5] The government's motion to reconsider is now before the court.

---

no "Count 1" identified in the government's complaint. See doc. no. 1 ¶¶ 25-26 (beginning with Count 2 and incorporating by reference "paragraphs 1 through 29"). Nonetheless, the government requests that relief in its complaint. See id. at 7 (requesting judgment for identified tax liabilities). Count 2 seeks a ruling that the government's tax liens attach to the Property. Count 3 seeks to enforce the tax liens against the Property by way of a judicial sale under § 7403.

[4] The government also filed a limited objection to the report and recommendation to preserve it under Rule 72(b). Doc. no. 56.

[5] On September 5, 2023, the district court denied West's motion for summary judgment and granted the government's motion. Doc. no. 57. West subsequently moved for reconsideration, and the government moved for leave to file a second summary judgment motion on the remaining counts.

**Discussion**

I.   Motion to Reconsider

The concerns indicated by the court in its August 22 report and recommendation have been eliminated by the government's clarification that it is not seeking, by this motion, a judicial sale or final judgment against New Residential but rather an "interlocutory" default judgment that (1) states the government's federal tax liens have priority over New Residential's mortgage; and (2) states that the Property, if subjected to a judicial sale, may be sold free and clear of New Residential's interests.  In light of those clarifications – and also in consideration of the district court's summary judgment order – the motion to reconsider is granted, and the August 22 report and recommendation is withdrawn.  See LR 7.2(d) ("A motion to reconsider an interlocutory order of the court, meaning a motion other than one governed by Fed. R. Civ. P. 59 or 60, shall demonstrate that the order was based on a manifest error of fact or law . . . ."); Morin v. Eastern Bearings, Inc., No. 20-cv-615-PB, 2021 WL 243043, at *1 (D.N.H. Jan. 22, 2021) ("Reconsideration is 'appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.'") (quoting United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)).

II.   Motion for Default Judgment

Having granted the government's motion for reconsideration and withdrawn the prior report and recommendation, the court turns back to the government's motion for default judgment. As explained next, the district judge should find that the government has established its entitlement to the requested default judgment against New Residential.

4

A.      Standard of Review

A motion for default judgment under Federal Rule of Civil Procedure 55(b)(2) "shares the same standard of review as that of a motion to dismiss for failure to state a claim." Auctus Fund, LLC v. Sauer Energy, Inc., 444 F. Supp. 3d 279, 284 (D. Mass. 2020) (citing Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002)); United States v. Sullender, No. 16-cv-523-LM, 2018 WL 1368040, at *1 (D.N.H. Mar. 16, 2018). That is, the court looks to the complaint and its well-pleaded factual allegations to determine whether it alleges a cause of action against the defaulting party. Ramos-Falcon, 301 F.3d at 2; Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992). The party in default concedes the truth of the complaint's factual allegations. In re The Home Rests., 285 F.3d 111, 114 (1st Cir. 2002) ("[I]t is precisely the right to contest liability that a party gives up when it declines to participate in the judicial process."). The court, however, sets aside any legal conclusions. Auctus Fund, 444 F. Supp. 3d at 285; Nationstar Mortg. LLC v. Kilmer, No. 17-cv-30161-MGM, 2019 WL 458464, at *3 (D. Mass. Jan. 17, 2019). Additionally, when "[f]aced with a motion for default judgment, a district court must exercise sound judicial discretion in determining whether the judgment should be entered." Fin. of Am. Reverse, LLC v. Carmona-Vargas, No. 16-1661 (SEC), 2018 WL 522317, at *1 (D.P.R. Jan. 23, 2018) (internal quotation marks omitted).

B.      Facts

By virtue of its default, New Residential concedes the following facts. In re The Home Rests., 285 F.3d at 114. West acquired the Property in 1998. Doc. no. 1 ¶ 27. West partly financed the purchase with a mortgage granted to non-party First Financial, Inc., which was recorded in March 1998. Id. The government assessed tax deficiencies for West in 2003, 2010, 2013, 2014,

and 2015.  Id. ¶ 6.[6]  To perfect the liens arising from the assessed tax deficiencies, 26 U.S.C. § 6323(a) and (f), the government filed Notices of Federal Tax Liens in Rockingham County, New Hampshire, in 2012, 2015, and 2021.  Id. ¶ 29.  As of June 24, 2022, the total balance West owed to the government was $383,361.25.  Id. ¶ 6.[7]  New Residential "is currently the record holder of a mortgage" on the Property.  Id. ¶ 3.  As to enforcement of the liens through a judicial sale, in Count 3 the government alleges:

> Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon West's interest in the Real Property, to have the Real Property sold pursuant to the order of this Court (by a receiver to be appointed by this Court if the United States so elects pursuant to § 7403(d)[]), free and clear of all rights, titles, claims, and interests of the parties in this case, including any rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale and any local real estate taxes owed to the Town of and payable under 26 U.S.C. § 6323(b)(6), to the United States except to the extent that this Court determines that claims of other parties have priority.

Id. ¶ 31.[8]

    C.    <u>Entitlement to Default Judgment</u>

As discussed, New Residential was served with the complaint but did not appear.  Accordingly, default was entered against it more than a year ago.  The only question then is whether the government alleged facts that are sufficient to state a cause of action supporting the relief the government requests, namely, a determination that its tax liens have priority over any

---

[6] Respectively, the assessed deficiencies relate to tax years 1999, 2009, 2012, 2013, and 2014.

[7] In the summary judgment order, the district court found that as of July 17, 2023, the total balance West owed to the government was $409,855.68.  Doc. no. 57 at 2.

[8] The government did not allege when New Residential's mortgage interest was created or recorded (as opposed to First Financial's mortgage).

6

interest of New Residential and that, if a judicial sale occurs, the sale will occur free and clear of any such interest. See Ramos-Falcon, 301 F.3d at 2.

Generally, the determination of the relative priority of a tax lien "is governed by the rule of 'first in time, first in right.'" Progressive Consumers Federal Credit Union v. United States, 79 F.3d 1228, 1234 (1st Cir. 1996). The government's well-pleaded facts show that its tax liens against the Property arose in years between 2003 (when the first assessment was made) and 2015 (when the most recent assessment was made). Doc. no. 1 ¶¶ 6-8; see 26 U.S.C. § 6322 (stating that tax liens arise when "the assessment is made"). By its default, New Residential forfeited its opportunity to submit evidence to show that its mortgage was established first so as to take priority over the government's tax liens. Therefore, the government's tax liens have priority over New Residential's mortgage as to any judicial sale of the Property which may be ordered.

Furthermore, the government alleged that pursuant to its statutory authority under 26 U.S.C. § 7403, it is entitled to enforce its liens through a judicial sale of the Property "free and clear of all rights, titles, claims, and interests of the parties in this case . . . and to have the proceeds distributed . . . except to the extent that this Court determines that claims of other parties have priority." Doc. no. 1 ¶ 31. Considering New Residential's default, the Property should be sold free and clear of any right, title, claim, or interest of New Residential upon any judicial sale pursuant to § 7403. See United States v. Veilleux, No. Civ. 04-223-P-C, 2005 WL 3445603, at *2-3 (D. Me. Dec. 13, 2005) ("As a result of entry of default, the following claims of the United States are taken as established . . . [t]hat the federal tax liens of the United States on Property are superior to any claims of [the defaulting parties] . . . [and] [t]hat upon any judicial sale of the Property, it will be sold free and clear of any right, title, lien, claim or interest of [the defaulting parties]."); see also United States v. Rodgers, 561 U.S. 677, 693-94 (1983) ("[W]e must read

7

[§ 7403] to contemplate, not merely the sale of the delinquent taxpayer's own interest, but the sale of the entire property (as long as the United States has any 'claim or interest' in it), and the recognition of third-party interests through the mechanism of judicial valuation and distribution.").

## Conclusion

For those reasons, the government's motion for reconsideration (doc. no. 55) is granted, and the August 22 report and recommendation is withdrawn. It is recommended that the district judge grant the United States's motion for default judgment (doc. no. 47) and enter judgment against New Residential as follows:

1. The United States's federal tax liens with respect to the federal income tax liabilities of Defendant David H. West for years 1999, 2009, 2012, 2013, and 2014 have priority over any subsequently asserted claim by Defendant New Residential Mortgage, LLC, in any subsequently ordered judicial sale of the Property.

2. Upon any judicial sale of the Property, it will be sold free and clear of the mortgage or any other liens or claims of Defendant New Residential Mortgage, LLC.

Any objections to this Report and Recommendation must be filed within 14 days of receipt of this notice. The objection period may be extended upon motion. Only those issues raised in the written objections are subject to review in the district court, and any issues not preserved by such objection are precluded on appeal. Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

October 11, 2023
cc: Counsel of Record
     David H. West, pro se