UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

     v.                                                                    Civil No.  22-cv-232

<u>David H. West, New Residential
Mortgage, LLC, and the
Town of Hampton Falls</u>

### **Final Judgment**

This is a civil enforcement action by the United States to reduce to judgment the amount of unpaid taxes with penalties and interest owed by David H. West, to establish the validity of the tax liens on West's property, and to enforce the tax liens against West's property.  Defendant New Residential Mortgage, LLC is in default. The United States and defendants David H. West and the Town of Hampton Falls have filed a joint stipulation and a supplemental stipulation and move for entry of final judgment in Doc. nos. 77 and 79.

The court previously denied West's motion for summary judgment and granted summary judgment in favor of the United States on Count I of the complaint, holding that the United States had established that it is entitled to judgment that West owed $409,855.68 in taxes, penalties, and interest as of July 17, 2023, with statutory interest and penalties continuing to accrue. Doc. no. 57. A bench trial was scheduled to begin on November 15, 2023, before the parties filed a joint stipulation and motion to cancel the trial.

New Residential Mortgage, LLC.  The court entered default against New Residential on September 28, 2022.  Doc. no. 11.  The United States moved for default judgment against New Residential Mortgage, LLC, which was referred to the magistrate judge. The magistrate judge recommends granting default judgment. Doc. no. 68.  The court accepts and adopts the report and recommendation. Id. Default judgment is entered against New Residential as provided in the report and recommendation. Id. at 8.

Town of Hampton Falls, New Hampshire.  The town signed the joint and supplemental stipulations, but there do not appear to be provisions in either document that pertain to the town.  As such, the court interprets the town's agreement to the stipulation to mean that the town claims no right or interest in West's property that is subject to the United States's tax liens and that the town does not oppose the United States's intent to enforce the tax liens against West's property.

Stipulation. To the extent the parties have agreed to certain matters in their joint stipulation and supplement (doc. nos. 77 and 79), that agreement is between them and does not bind the court. The court declines to retain jurisdiction in this case for purposes of reviewing a possible sale of West's property and depositing the sale proceeds in the court registry. West has reserved issues for appeal, as stated in the stipulation. The court takes no position on the appealability of those matters.

Stay. The United States "stipulates" that the court's judgment in this case will be stayed if West files a timely appeal, with certain exceptions. Doc. no. 77, at 2. The parties' stipulation as to a stay is not binding on the court.

"A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 556 U.S. 418, 433 (2009) (internal quotation marks omitted). Instead, the court may grant a request for a stay pending appeal as "an exercise of judicial discretion," depending on the circumstances in the case and after considering four factors: (1) whether the moving party made a strong showing of a likelihood of success on the merits, (2) whether the party will be irreparably harmed without a stay, (3) whether a stay will substantially injure other interested parties, and (4) the public interests in a stay. Boston Parent Coalition for Academic Excellence Corp. v. School Committee of City of Boston, 996 F.3d 37, 44 (1st Cir. 2021). The first two factors are the most critical. Nken, 556 U.S. at 434.

Although the parties have not addressed the above factors, the court interprets the stipulation as a motion for a stay by West, to which the United States does not object. Should the court receive no filing to the contrary by **December 8, 2023**, it will grant the motion to stay.

## Conclusion

David H. West is indebted to the United States of America for federal income taxes for tax years 1999, 2009, 2012, 2013, and 2014 inclusive of penalties and interest and statutory additions in the total amount of $409,855.68 as of July 17, 2023, plus interest at the rates provided under 26 U.S.C. § 6621 as incorporated by 28 U.S.C. 1961(c)(1). The IRS has demanded payment from West for tax liabilities assessed by the IRS for the 1999, 2009, 2012, 2013, and 2014 tax years. West owns the real property located at 21 Evergreen Road, Hampton Falls, New Hampshire, that is the subject of the

United States' complaint. The United States has valid and subsisting federal tax liens for federal income tax liabilities, stated above, encumbering all property or rights to property of David H. West pursuant to 26 U.S.C. § 6321 and may enforce the liens against the real property located at 21 Evergreen Road, Hampton Falls, New Hampshire, that is legally described in paragraph 5 of the Complaint (doc. no. 1).

Any mortgage or other lien held by New Residential Mortgage, LLC is inferior and junior to the federal tax liens, and New Residential Mortgage, LLC has waived any right to assert a claim of priority to proceeds from any judicially ordered sale of West's real property.

The United States's motion for default judgment (doc. no. 47) is granted as provided in the magistrate judge's report and recommendation (doc. no. 68) which is accepted and adopted. The motion for reconsideration (doc. no. 55) was granted by the subsequent report and recommendation (document no. 68), and the endorsed report and recommendation (dated August 22, 2023) is terminated. The parties' joint motion for final judgment (doc. no. 79) is granted to the extent provided in this order and is otherwise denied.

The clerk of court shall enter judgment accordingly and close the case.

**SO ORDERED.**

_/s/ Joe Laplante_
Joseph N. Laplante
United States District Judge

Dated: December 6, 2023

cc: David H. West, pro se.
     Counsel of record.